**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FADY GERGIS ASAAD SADEK,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1657-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Fady Gergis Asaad Sadek's Petition for a Writ of Habeas Corpus, ECF No. 1. Asaad Sadek is detained at Camp East Montana in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 24–37; *id.* at 10–11.

Asaad Sadek entered the country in 2024. *Id.* ¶ 16. He was apprehended by immigration authorities, placed in removal proceedings, and released on his own recognizance. *See id.* ¶¶ 16–18. He has "complied with every condition of his release." *Id.* ¶ 19. Despite this, in November 2025, when appearing for a routine check-in with Immigration and Customs Enforcement ("ICE"), Asaad Sadek was re-detained. *Id.* ¶ 20. On February 17, 2026, an Immigration Judge ("IJ") ordered Asaad Sadek removed from the country. *Id.* ¶ 17. He timely filed an appeal with the Board of Immigration Appeals, which remains pending. *Id.* In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Asaad Sadek's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."

Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Asaad Sadek's case warrant a different outcome."  *Id.* at 2.

Respondents argue that Asaad Sadek's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 9, ECF No. 3.

Asaad Sadek challenges his detention as unlawful on constitutional due process grounds. *See* Pet. ¶¶ 24–37.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Asaad Sadek's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, to the extent that Asaad Sadek has brought a statutory challenge, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–33, *with, e.g., Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct.

30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Asaad Sadek's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Asaad Sadek's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Asaad Sadek's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before July 3, 2026**, Respondents shall either: (1) provide Asaad Sadek with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Asaad Sadek's continued detention; or (2) release Asaad Sadek from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before July 3, 2026**, Respondents shall **FILE** notice informing the Court whether Asaad Sadek has been released from custody.  If Asaad Sadek has not been released from custody, Respondents shall inform the Court whether and

---

[1] The facts are undisputed, *see* Resp. 11–12, and the Court therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Asaad Sadek's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at \*3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at \*5 n.1).

3

when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Asaad Sadek is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

<u>There will be no extensions of the July 3, 2026, deadlines</u>, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

<u>Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody</u>.

**SO ORDERED**.

**SIGNED this 26th day of June, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4