**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FADY GERGIS ASAAD SADEK,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1657-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

<u>**FINAL JUDGMENT**</u>

On this day, the Court considered the case. On June 26, 2026, the Court granted in part Fady Gergis Asaad Sadek's Petition for a Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. June 26, 2026, Order 3, ECF No. 4.

Respondents have now informed the Court that on July 2, 2026, an IJ denied Sadek bond on the basis of flight risk. Status Report, ECF No. 7; *see id.* Ex. A ("IJ Order"), ECF No. 7-1. Sadek has also filed a Response and Objection to Respondents' Status Report, ECF No. 8, challenging the IJ's flight risk determination and requesting that the Court order his release. Specifically, Sadek argues that the IJ improperly weighed entry of a removal order and an "unsupported" allegation that Sadek "stormed" the border over Sadek's prior compliance with his release conditions in determining Sadek's flight risk. *See id.* at 2–4. But this Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an individual is a flight risk or a danger and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668,

678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  There is no indication that the IJ failed to make factual findings or conduct an individualized determination.  *See generally* Resp. & Obj. To the extent Sadek disagrees with the IJ's determination, he may pursue the appropriate review channels in the immigration court or with the Board of Immigration Appeals.  Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such discretionary findings.  *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.

Therefore, it appears that the only remaining matter to be resolved in this case is Sadek's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  *See* Pet. 11, ECF No. 1; *see generally* June 26, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**.

**SO ORDERED**.

**SIGNED this 7th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2